# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:10CR00015-003 |
| v. | ) **OPINION AND ORDER** |
| ROBERT DOSS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; John E. Jessee, Jessee & Read, P.C., Abingdon, Virginia, for Defendant.*

In connection with his sentencing, the defendant objects to his classification as a career offender under the sentencing guidelines. For the following reasons, the objection will be overruled.

The defendant, Robert Doss, pleaded guilty without a plea agreement to a multi-defendant indictment charging him with conspiracy to possess with intent to distribute and to distribute controlled substances, 21 U.S.C.A. § 846 (West 1999) (Count One), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 2011) (Count Seven).

A presentence investigation report ("PSR") has been submitted to the court in connection with the defendant's sentencing. The defendant has objected to the recommendation made in the PSR that he be classified as a career offender

pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010). The court has received evidence and argument from counsel as to this issue, and the defendant's objection is ripe for decision.[1]

Under the guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). In this case, the defendant disputes that he has two qualifying prior felony convictions.

The defendant admits that he has one predicate offense, namely a 2006 state conviction for unlawful wounding, for which he was sentenced to five years in prison, partially suspended. The other claimed predicate is a 2001 state felony conviction for assault and battery on a police officer. The defendant asserts that this crime is not a predicate offense under § 4B1.1.

The evidence presented shows that Captain Mike Reynolds of the Lee County, Virginia, Sheriff's Department, swore to a criminal complaint on August 21, 2000, alleging that the defendant had kicked him in the groin earlier that day

---

[1] While the sentencing guidelines are advisory only, in arriving at an appropriate sentence in this case, I must properly calculate and consider the defendant's guideline range of punishment. *Gall v. United States*, 552 U.S. 38, 49 (2007).

while he and two other police officers were investigating a wreck in which the defendant, appearing intoxicated, was involved. Reynolds noticed that the defendant had a knife on his belt and when Reynolds asked the defendant for it, the defendant kicked him. Doss was then pepper sprayed and arrested.

Thereafter, on October 13, 2000, the defendant was indicted by a grand jury of the Circuit Court of Lee County, Virginia, the indictment providing as follows:

> On or about AUGUST 21, 2000, unlawfully, feloniously, and intentionally, [the defendant did] assault and batter CAPTAIN MIKE REYNOLDS, knowing or having reason to know that such person was a law enforcement officer, engaged in public duties, in violation of VIRGINIA CODE SECTION 18.2-57(C), against the peace and dignity of the Commonwealth, which is a Class 6 felony and is punishable by confinement in a state correctional facility for nor less than one year not more than five years. Upon the evidence of: CAPT. MIKE REYNOLDS, LCSD.

(Def.'s Ex. 2.) On May 8, 2001, the defendant pleaded nolo contendere to this indictment, his plea was accepted, and he was found guilty. On August 21, 2001, he was sentenced to two years of imprisonment, with one year and four months suspended.

A "crime of violence" under § 4B1.1 means a felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical harm to another." USSG § 4B1.2(a) (2010).

-3-
Case 2:10-cr-00015-JPJ-RSB   Document 119   Filed 08/27/11   Page 3 of 7   Pageid#: 427

It may be determined that a predicate conviction was a crime of violence under either clause of 4B1.2(a). The first clause has been referred to as the "force" clause. *United States v. Toyer*, 414 F. App'x 584, 592 (4th Cir. 2011) (unpublished). The portion of the second clause following the enumerated crimes is known as the "residual" or "otherwise" clause. *United States v. Jenkins*, 631 F.3d 680, 683 n.5 (4th Cir. 2011). In interpreting these provisions, I should consider the case precedent construing the Armed Career Criminal Act ("ACCA"), which uses similar language. *Id.* at 683. Thus, I must use the so-called "categorical approach" established under the ACCA, looking only to the definition of the offense of which the defendant was previously convicted. *Taylor v. United States*, 495 U.S. 575, 599-602 (1990).[2]

In Virginia, assault and battery are common law offenses, undefined by statute, and punishable as misdemeanors. Va. Code Ann. § 18.2-57(a) (Supp. 2011). The offense of which the defendant was convicted, assault and battery on a police officer ("ABPO"), is made a separate crime, as follows:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other

---

[2] I cannot use the "modified categorical approach" in this case, in which the court looks to the charging documents and other approved sources from the prior case, *Johnson v. United States,* 130 S. Ct. 1265, 1273 (2010), because none of those sources here describe the offense aside from its elements. While the complaint filed by the police officer does allege the particular facts of the crime, it is not a charging document from the sentencing court, and thus is off limits. *See United States v. Harcum*, 587 F.3d 219, 234-35 (4th Cir. 2009).

person is a . . . law-enforcement officer . . . engaged in the performance of public duties, such person is guilty of a Class 6 felony.

Va. Code Ann. § 18.2-57(c) (Supp. 2011).

The Fourth Circuit has held that simple assault and battery in Virginia are not offenses involving "physical force," because they include acts of mere offensive touching. *United States v. White*, 606 F.3d 144, 147-149 (4th Cir. 2010). *White* did not involve an interpretation of either the Armed Career Criminal Act or the career offender provisions of the Sentencing Guidelines, but rather the statutory definition of a misdemeanor crime of domestic violence, which requires the offense to have as an element "the use or attempted use of physical force." 18 U.S.C.A. § 921(a)(33)(A)(ii) (West 2000 & Supp. 2011). Nevertheless, the Fourth Circuit's holding is authoritative as to the career offender guideline, since the same analysis is required.[3]

Based on *White*, I find that the Virginia ABPO offense cannot be determined to be a violent felony under the force clause of USSG § 4B1.2(a), and thus I must

---

[3] The *White* decision was criticized and not followed by the Third Circuit in *United States v. Vincencio-Martinez*, 404 F. App'x 633, 636 n.7 (3d Cir. 2010) (unpublished), on the ground that *White* overlooked contrary Virginia case law. This was an unusual criticism, in light of the fact that *White* was authored by Circuit Judge G. Steven Agee, a former judge of the Virginia Court of Appeals and justice of the Virginia Supreme Court. While I am obligated to follow *White* regardless, I believe that Judge Agee was correct. *See Perkins v. Commonwealth*, 523 S.E.2d 512, 513 (Va. Ct. App. 2000) ("An assault and battery is the unlawful touching of another. . . . The defendant does not have to intend to do harm [and] [t]he touching need not result in injury.") (holding that there was sufficient evidence to convict teacher of assault and battery when he stroked the hair of a female student in a sexual manner).

move to examine the residual clause in the light of recent Supreme Court precedent.

In its most recent case, *Sykes v. United States,* 131 S. Ct. 2267, 2277 (2011), the Supreme Court held that a defendant's prior conviction under Indiana law for knowing or intentional flight from a law enforcement officer by vehicle was a violent felony under the ACCA's residual clause. The Court noted that in comparison to the clause's enumerated offenses, fleeing in a car from police creates a similar risk of danger, in that there is a possibility that the "police will, in a legitimate and lawful manner, exceed or almost match his speed or use force to bring him within their custody." *Id.* at 2273. Unlike its earlier decision in *Begay v. United States*, 553 U.S. 137 (2008), in which the Court held that driving under the influence was not a predicate crime, the Court in *Sykes* pointed out that fleeing police in a vehicle was not a offense "akin to strict liability, negligence, and recklessness crimes." 131 S. Ct. at 2276.

While there is no doubt that the proper interpretation of the language of the residual clause is "ever evolving," *id.* at 2287 (Scalia, J., dissenting),[4] this latest interpretation of the residual clause convinces me that the defendant's conviction for ABPO in Virginia is a predicate offense. *See Miller v. United States*, No. 02-10054-

---

[4] "If it is uncertain how this Court will apply [our residual clause] cases going forward, it is even more uncertain how our lower-court colleagues will deal with them." *Derby v. United States,* 131 S. Ct. 2858, 2859 (2011) (Scalia, J., dissenting from denial of cert.).

Case 2:10-cr-00015-JPJ-RSB Document 119 Filed 08/27/11 Page 6 of 7 Pageid#: 430

WGY, 2011 WL 2422845, at *3 (D. Mass. June 16, 2011) (finding that First Circuit precedent holding that the crime of ABPO is a predicate offense under the residual clause is even stronger after *Sykes*). Like fleeing in a vehicle from police, any assault and battery on a police officer, no matter how slight, is bound to pose the likelihood of reaction and thus "'a serious risk of actual or potential physical force,'" resulting in injury. *United States v. Dancy*, 640 F.3d 455, 470 (1st Cir. 2011) (quoting *United States v. Fernandez,* 121 F.3d 777, 780 (1st Cir. 1997)) (holding that ABPO is a predicate offense); *see also United States v. Williams*, 559 F.3d 1143, 1149 (10th Cir. 2009) (noting that battery of a police officer risks more potential violence that illegally touching a non-law enforcement person and thus is a predicate offense).

For these reasons, I find that the defendant's prior conviction for ABPO is a violent felony within the meaning of the career offender guideline and overrule his objection.

It is so **ORDERED**.

ENTER: August 27, 2011

/s/ James P. Jones
United States District Judge

-7-
Case 2:10-cr-00015-JPJ-RSB   Document 119   Filed 08/27/11   Page 7 of 7   Pageid#: 431